NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3248

NORBERT L. MCKEE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  November 21, 2006

_____

Before RADER, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Norbert L. McKee seeks review of the final order of the Merit Systems Protection Board (Board) finding that the United States Postal Service (Agency) did not discriminate against him because of his prior military status when it failed to non-competitively covert him from a temporary to a career employee.  Finding no reversible error, this court <u>affirms</u>.

I

In 1995, Mr. McKee took an entrance examination for employment with the Agency and received a score of 85.2, which included a five point veterans' preference.  After receiving this score, Mr. McKee was rated a thirty percent or more disabled

veteran by the Department of Veterans Affairs. In December 2004, Mr. McKee was first hired by the Agency as a casual/temporary employee at the Processing and Distribution Center in Roanoke, Virginia.

In the summer of 2005, Mr. McKee contacted the Human Resources Department of the Agency and requested to be extended on the examination register. Mr. McKee was notified that the score on his 1995 entrance examination had only been valid for two years and expired in 1997. Mr. McKee was further notified that because his score was expired, he could not be considered for employment from the register.

In August 2005, Mr. McKee requested a special entrance examination for disabled veterans be opened. The Agency, however, informed Mr. McKee the next available examination would be open to the public. If he took this examination, however, he would be entitled to a ten point addition to his score because he was now a thirty percent or more disabled veteran. Mr. McKee took the September 29, 2005 examination and received the additional ten points.

Additionally, sometime in the summer of 2005, Mr. McKee heard the Agency was planning to hire between three to five career Mail Handlers. Mr. McKee requested a non-competitive conversion to a career position based on his disabled veteran's status. Mr. McKee was denied conversion. He further asserts the Agency filled these positions noncompetitively with non-veterans or non-disabled veterans.

II

This court must affirm any agency action, findings, or conclusions unless they are: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having

been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

In the present appeal, Mr. McKee argues the Agency violated the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4332 (2000), Veterans Employment Opportunities Act (VEOA), 5 U.S.C. § 3330a (2004), Veterans Readjustment Act (VRA), 38 U.S.C. § 4214 (2003), and 5 U.S.C. §§ 3308-3320 (2000) in failing to convert him from a temporary to a career employee. Violations of 5 U.S.C. §§ 3308-3320 and 38 U.S.C. § 4214 were not raised below and therefore are not properly before this court.

Regarding Mr. McKee's VEOA claim to establish Board jurisdiction over an appeal brought under the VEOA, Mr. McKee must: (1) show that he exhausted his remedy with the Department of Labor (DOL); and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. <u>Abrahamsen v. Dep't of Veterans Affairs</u>, M.S.P.B. 2003, 94 M.S.P.R. 377. The Board held, and Mr. McKee does not dispute, that Mr. McKee failed to provide any evidence that he had exhausted his remedies before the Department of Labor. This court therefore affirms the Board's holding that it lacked jurisdiction over Mr. McKee's VEOA claim.

In support of his USERRA claim, Mr. McKee argued the Appalachian District violated Postal Service Handbook EL-312 when it failed to noncompetitively appoint him

to one of the career Mail Handlers positions.   Postal Service Handbook EL-312 § 233.35 states:

> A veteran, who has a compensable service-connected disability of 30 percent or more and who is currently working as a casual or temporary employee, <u>may be</u> considered for noncompetitive conversion to a career vacancy. The veteran must have worked in the temporary appointment for at least 60 days and must meet the qualification requirements of the position, including any currently required examinations. Appointing officials <u>may, but are not obligated to</u>, administer examinations noncompetitively, if it is determined that applicants are otherwise viable candidates. A prior rating on the appropriate examination is acceptable.
>
> If necessary, a veteran with 30 percent or more disability <u>can be</u> given a direct career appointment. <u>This appointment authority is entirely discretionary</u>. There are no time limits for these appointments.

Postal Handbook EL-312 § 233.35 (2001) (emphasis added).

In response to Mr. McKee's contentions, two witnesses testified for the Agency. Robin L. Clay, Human Resources Specialist for the Agency, testified that non-competitive appointments per EL-312 are optional and not used in the Appalachian District.  Gary Hutchinson, Manger for Personal Services for the Appalachian District, testified that it is within each district's discretion whether to invoke EL-312 § 233.35 when hiring veterans with a thirty percent or higher disability.  Mr. Hutchinson further testified that the Appalachian District had never used EL-312 § 233.35 to hire employees.  Additionally, Mr. Hutchinson testified that the Appalachian District took the position that the normal hiring procedures, in which the veteran gets a preference, already provided an advantage over non-veterans.

Mr. Hutchinson also testified that while the District does engage in non-competitive hiring of severely disabled individuals on occasion according to EL 312 § 235.4, these people could not complete in the regular hiring process because their disabilities present barriers for them to take the examination.   Severely disabled

individuals, however, unlike veterans, do not receive a higher point score on their examinations because of their disabilities.

Mr. McKee admits his 1995 test score was "way out of date," and that he knew he had to take a new test. Mr. McKee further concedes he was given his ten point veterans' preference for being a thirty percent or more disabled veteran on the most recent examination. He also admits he was aware the Agency sometimes hired employees noncompetitively, but not so for veterans.

Based on Mr. McKee's admissions below and the unrefuted testimony of the Agency, the Board held Mr. McKee had produced insufficient circumstantial or direct evidence that his status as a disabled former service member was a substantial or motivating factor in the Agency's decisions not to reopen an exam, and not to select him noncompetitively for a vacant position. The administrative judge correctly found that the fact that Mr. McKee may not have been treated better than non-veterans does not establish discrimination in an USERRA appeal, but rather Mr. McKee must show that he was treated more harshly than non-veterans. See, Sheehan v. Dep't of Navy, 240 F.3d 1009 (Fed. Cir. 2001).

Regarding Mr. McKee's general allegations of discrimination, the administrative judge found Mr. McKee's evidence and the testimony provided by his witnesses wholly inadequate to establish that the Agency's actions were motivated by animus because of his former military status. Also the judge found no support for the assertion that Mr. McKee's military service was a substantial or motivating factor in his nonselection. We find these conclusions neither arbitrary nor capricious, and supported by substantial evidence.

For the foregoing reasons, the final decision of the Board is affirmed.